# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JAQUELYNN OLIVER, | ) | CASE NO. 4:21-cv-592[1] |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

This matter is before the Court on the motion of plaintiff Jaquelynn Oliver ("Oliver" or "plaintiff") for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $2,736.49. (Doc. No. 15.) Defendant Commissioner of Social Security ("Commissioner" or "defendant") filed a response and amended response to plaintiff's motion. (Doc. Nos. 16, 17, respectively.) For the reasons that follow, plaintiff is awarded attorney fees in the amount of $2,736.49.

## I. BACKGROUND

Plaintiff filed a complaint seeking review of the Commissioner's decision denying benefits. (Doc. No. 1.) The parties later filed a joint stipulation to remand this matter to the Commissioner for further proceedings pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g), and the Court ordered the matter remanded to the Commissioner. (*See* Doc. Nos. 13, 14.)

---

[1] The caption in plaintiff's motion contains the erroneous case number of 1:21-cv-266.

In support of the instant motion, plaintiff provides: (1) the time sheet of her attorney, Rachel Wilson ("Wilson"), documenting Wilson's time and efforts expended in this mater (Doc. No. 15-1); (2) Wilson's declaration (Doc. No. 15-2); and (3) plaintiff's declaration stating that Wilson represented her in this matter on a contingency basis, that to plaintiff's knowledge she does not owe any debt to the United States, and that plaintiff assigns and authorizes payment of any EAJA fee award to Wilson (Doc. No. 15-3). In response, the Commissioner indicates that there is no objection to the amount of the EAJA fee award sought by plaintiff but that any fee awarded belongs to plaintiff, not plaintiff's counsel, and is subject to offset in order to satisfy any preexisting debt plaintiff owes to the United States. (Doc. No. 17 at 1[2] (citing *Astrue v. Ratliff*).)

## II. DISCUSSION

The EAJA requires the government to pay a prevailing social security plaintiff's reasonable attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Howard v. Barnhart*, 376 F.3d 551, 553–54 (6th Cir. 2004) (same). First, there is no dispute that plaintiff is the "prevailing party" under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300–02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993) ("Prevailing party" status is achieved within the meaning of the statute when a plaintiff succeeds in securing a sentence four remand order.). Second, plaintiff argues in the motion that the Commissioner's position was not substantially justified (Doc. No. 15 at 2) and, in response to the motion, the Commissioner does

---

[2] Page number references are to the consecutive page numbers assigned to each individual document by the Court's electronic filing system.

not argue otherwise[3] (see Doc. No. 17). And the Court is not aware of any special circumstances that would make an attorney fee award unjust in this case.

With respect to the reasonableness of the EAJA fee award sought, the documentation submitted by plaintiff in support of the motion shows 14.20 hours of legal services performed by Wilson between March 12, 2021 and September 7, 2021, including the typical legal services of preparing the complaint, reviewing the administrative record, conducting research, and brief writing. (*See* Doc. No. 15-1.) In this case, the Court finds that both the nature of the legal services and the number of hours expended to be reasonable. Dividing the number of hours expended into the award sought results in an hourly rate of $192.71 per hour.

The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates but shall not exceed $125.00 per hour unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The change in the cost of living over the years since the $125.00 per hour rate was established justifies an increase in the statutory rate. *See Crenshaw v. Comm'r of Soc. Sec.*, No. 1:13-cv-1845, 2014 WL 4388154 at *3 (N.D. Ohio Sept. 5, 2014). The appropriate measure of inflation in this geographic area is the "Midwest Urban" CPI. *Id.* The Court finds that the hourly rate of $192.71, considering adjustments for cost of living increases since the enactment of the EAJA, is both supportable and reasonable. *See Defiore v. Comm'r of Soc. Sec.*, No. 1:18-cv-184, 2020 WL 5703919, at *5 (N.D. Ohio Sept. 24, 2020) (an hourly rate of $280.00 is reasonable); *Binkley v. Saul*, No. 1:19-cv-864, 2019 WL

---

[3] It is the government's burden under the EAJA to show that its position denying benefits was substantially justified. *Wilson v. Astrue*, No. 2:10-cv-463, 2011 WL 3664468, at *1 (S.D. Ohio Aug. 19, 2011) (collecting cases).

7048979, at *2 (N.D. Ohio Dec. 23, 2019) (an hourly rate of $195.76 is reasonable). Accordingly, the Court awards plaintiff attorney fees in the amount of $2,736.49.

As the Commissioner points out in response to plaintiff's motion, and as Oliver alludes to in her declaration, an award to plaintiff under the EAJA is subject to offset by any outstanding federal debt owed by plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 117 L.Ed.2d 91 (2010). Within thirty (30) days from the date of this order, the Commissioner shall initiate payment and request that the Department of Treasury verify whether plaintiff owes a preexisting debt to the United States. Any such debt will be offset against the EAJA award granted herein, and payment of the balance shall be made as promptly as possible to the plaintiff, or to plaintiff's attorney, in accordance with the provisions of any fee assignment and/or agreement between plaintiff and counsel.

## III. CONCLUSION

For all the foregoing reasons, the plaintiff's motion for an award of attorney fees and costs pursuant to 28 U.S.C. § 2412 in the amount of $2,736.49 is granted, subject to the procedures outlined herein.

**IT IS SO ORDERED**.

Dated: July 22, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

4